PHILIP M. HYMANSON, ESQ.
Nevada State Bar No. 2253
HENRY JOSEPH HYMANSON, ESQ.
Nevada State Bar No. 14381
8816 Spanish Ridge Avenue
Las Vegas, NV 89148
(702) 629-3300 Telephone
(702) 629-3332 Facsimile
Phil@HymansonLawNV.com
Hank@HymansonLawNV.com

*Attorneys for TEVA PARENTERAL MEDICINES, INC.,
formerly known as SICOR PHARMACEUTICALS, INC.;
SICOR, Inc.; BAXTER HEALTHCARE
CORPORATION; McKESSON MEDICAL-SURGICAL
INC.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MAUREEN BRIDGES; MARIA LISS; MARY CATTLEDGE; FRANKLIN CORPUZ; BARBARA EDDOWES; ARTHUR EINHORN; CAROL EINHORN; WOODROW FINNEY; JOAN FRENKEN; EMMA FUENTES; JUDITH GERENCES; ANNIE GILLESPIE; CYNTHIA GRIEM-RODRIGUEZ; DEBBIE HALL; LLOYD HALL; SHANERA HALL; VIRGINIA HALL; ANNE HAYES; HOMERO HERNANDEZ; SOPHIE HINCHLIFF; ANGEL BARAHONA; MARTA FERNANDEZVENTURA; WILLIAM FRALEY; RICHARD FRANCIS; GEORGINA HETHERINGTON; JANICE HOFFMAN; GEORGE JOHNSON; LINDA JOHNSON; SHERON JOHNSON; STEVE JOHNSON; SEAN KEENAN; KAREN KEENEY; DIANE KIRCHER; ORVILLE KIRCHER; STEPHANIE KLINE; KIMBERLY KUNKLE; PATRICIA LEWIS-GLYNN; BETTE LONG; PETER LONGLY; DIANA LOUSIGNONT; MARIA KOLLENDER; DAVID MAGEE; FRANCISCO MANTUA; DANA MARTIN; MARIA MARTINEZ; JOHN MAUIZIO; ANGA MCCLAIN; BARRY MCGIFFIN; MARIAN MILLER; HIEP | CASE NO.: **NOTICE OF REMOVAL** |

HYMANSON & HYMANSON
8816 Spanish Ridge Avenue
Las Vegas, NV 89148
702.629.3300

1

HYMANSON & HYMANSON
8816 Spanish Ridge Avenue
Las Vegas, NV 89148
702.629.3300

1  MORAGA; SONDRA MORENO; JIMMY
   NIX; NANCY NORMAN; GEORGIA
2  OLSON; MARK OLSON; BEVERLY
   PERKINS; MARYJANE PERRY; RICKY
3  PETERSON; BRANDILLA PROSS;
   DALLAS PYMM; LEEANN PINSON;
4  SHIRLEY PYRTLE; EVONNE QUAST;
   RONALD QUAST; LEANNE ROBIE;
5  ELEANOR ROWE; RONALD ROWE;
   DELORES RUSS; MASSIMINO
6  RUSSELLO; GEOLENE SCHALLER;
   JAN MICHAEL SHULTZ; FRANCINE
7  SIEGEL; MARLENE SIEMS;
   RATANAKORN SKELTON; WALLACE
8  STEVENSON; ROBERT STEWART;
   RORY SUNDSTROM; CAROL SWAN;
9  SONY SYAMALA; RICHARD
   TAFAYA; JACQUELINE BEATTIE;
10 PRENTICE BESORE; IRENE BILSKI;
   VIOLA BROTTLUND-WAGNER;
11 PATRICK CHRISTOPHER; PAUL
   DENORIO; DAVID DONNER;
12 TIMOTHY DYER; DEMECIO
   GIRON; CAROL HIEL; CAROLYN
13 LAMYER; REBECCA LERMA; JULIE
   KALSNES f/k/a OLSON; FANNY
14 POOR; FRANCO PROVINCIALI;
   JOELLEN SHELTON; FRANK STEIN;
15 JANET STEIN; LOIS THOMPSON;
   FRANK TORRES; FRANK BEALL;
16 PETER BILLITTERI; IRENE CAL;
   CINDY COOK; EVELYN EALY;
17 KRISTEN FOSTER; PHILLIP GARCIA;
   JUNE JOHNSON; LARRY JOHNSON;
18 WILLIAM KEPNER; PEGGY LEGG;
   JOSE LOZANO; JOSEPHINE LOZANO;
19 DEBORAH MADISON; MICHAEL
   MALONE; ANN MARIE MORALES;
20 GINA RUSSO; COLLEEN TRANQUILL;
   LORAINE TURRELL; GRAHAM TYE;
21 SCOTT VANDERMOLIN; LOUISE
   VERDEL; J. HOLLAND WALLIS;
22 ANGELA HAMLER f/k/a
   WASHINGTON; SHARON WILKINS;
23 MARK WILLIAMSON; STEVE WILLIS;
   BENYAM YOHANNES; MICHAL
24 ZOOKIN; LIDIA ALDANAY; MARIDEE
   ALEXANDER; ELSIE AYERS; JACK
25 AYERS; CATHERINE BARBER;
   LEVELYN BARBER; MATTHEW
26 BEAUCHAMP; SEDRA BECKMAN;
   THOMAS BEEM; EMMA RUTH BELL;
27 NATHANIA BELL; PAMELA
   BERTRAND; VICKI BEVERLY; FRED
28 BLACKINGTON; BARBARA BLAIR;

HYMANSON & HYMANSON
8816 Spanish Ridge Avenue
Las Vegas, NV 89148
702.629.3300

1  MICHELLE BOYCE; NORANNE
   BRUMAGEN; HOWARD BUGHER;
2  ROBERT BUSTER; WINIFRED
   CARTER; CODELL CHAVIS; BONNIE
3  CLARK; KIP COOPER; MICHEL
   COOPER; CHRISTA COYNE; NIKKI
4  DAWSON; LOU DECKER; PETER
   DEMPSEY; MARIA DOMINGUEZ;
5  CAROLYN DONAHUE; LAWRENCE
   DONAHUE; CONRAD DUPONT;
6  DEBORAH ESTEEN; LUPE
   EVANGELIST; KAREN FANELLI;
7  LAFONDA FLORES; MADELINE
   FOSTER; ELOISE FREEMAN;
8  ELLAMAE GAINES; LEAH GIRMA;
   ANTONIO GONZALES; FRANCISCO
9  GONZALES; RICHARD GREEN;
   ISABEL GRIJALVA; JAMES
10 HAMILTON; BRENDA HARMAN;
   DONALD HARMAN; SUSAN
11 HENNING; JOSE HERNANDEZ; MARIE
   HOEG; JAMES H. MCAVOY;
12 MARGUARITE M. MCAVOY;
   WILLIAM DEHAVEN; VELOY
13 E. BURTON; SHIRLEY CARR; MARY
   DOMINGUEZ; CAMILLE HOWEY;
14 LAVADA SHIPERS; JANNIE SMITH;
   MILDRED J. TWEEDY; SALVATORE J.
15 SBERNA; JOSEPH LEWANDOWSKI;
   CAROLE LEE PERRELLI; JOSEPH
16 PERRELLI; MURIEL CAROL HINMAN;
   KENNETH D. HINMAN; JANICE
17 WELSH; LOIS THOMPSON; LOLA
   HALL; JAMES ("DICK") GUM;
18 AUDREY GUM; PATRICK SNYDER;
   EDWARD SUTER; NANCY TITMUSS;
19 MICHAEL TITMUSS; PHYLLIS J.
   BODELL; HELEN HACKETT; MARTHA
20 TURNER; ROBERT RUGG;
   KATHERINE HOLZHAUER; ALICIA
21 HOSKINSON; GREG HOUCK; DIONNE
   JENKINS; JOHN JULIAN; WILLIAM
22 KADER; MARY ELLEN KAISER;
   VASILIKI KALKANTZAKOS;
23 WILLIAM KEELER; ROBERT KELLAR;
   SHIRLEY KELLAR; MELANIE
24 KEPPEL; ANITA KINCHEN; PETER
   KLAS; LINDA KOBIGE; LINDA
25 KORSCHINOWSKI; DURANGO LANE;
   JUNE LANGER; NANCY LAPA;
26 EDWARD LEVINE; MERSEY
   LINDSEY; ZOLMAN LITTLE; STEVE
27 LYONS; MARSENE MAKSYMOWSKI;
   PAT MARINO; BILLIE MATHEWS;
28 KRISTINE MAYEDA; CARMEN

MCCALL; MICHAEL MCCOY;
ANNETTE MEDLAND; JOSPEHINE
MOLINA; LEN MONACO; RACHEL
MONTOYA; THEODORE MORRISON;
XUAN MAI NGO; JACQUELINE
NOVAK; FAITH O'BRIEN; DENISE
ORR; JAVIER PACHECO; ELI
PINSONAULT;  FLORENCE
PINSONAULT; STEVE POKRES;
TIMOTHY PRICE; STEVEN RAUSCH;
CLIFTON ROLLINS; JOHN ROMERO;
JEAN ROSE; RONALD RUTHER; JUAN
SALAZAR; PRISCILLA SALDANA;
BUDDIE SALSBURY;  BERNICE
SANDERS; DANNY SCALICE; CARL
SMITH; VICKIE SMITH; WILLIAM
SNEDEKER; EDWARD SOLIS; MARY
SOLIZ; ROGER SOWINSKI; CYNTHIA
SPENCER; STEPHEN STAGG; TROY
STATEN; LINDA STEINER; GWEN
STONE; PHAEDRA SUNDAY;
CLARENCE TAYLOR; CATHERINE
THOMPSON; MARGRETT
THOMPSON; VERNON THOMPSON;
DAVID TOMLIN; VON TRIMBLE;
CHUONG VAN TRONG; JOHN VICCIA;
STEVEN VIG; JANET VOPINEK;
KATHY WALENT; LINDA WALKER;
SHIRLEY WASHINGTON; MARY
WENTWORTH; BETTY WERNER;
SALLY WEST; DEE LOUISE
WHITNEY; SHIRLEY WOODS; TONY
YUTYATAT; CATALINA ZAFRA;
METRO ZAMITO; CHRISTINA
ZEPEDA; ANDREW ZIELINSKI;
CAROLYN ARMSTRONG; BETTY
BRADLEY; CHARLEEN DAVIS-SHAW;
REBECCA DAY; DION DRAUGH;
VINCENZO ESPOSITO

                    Plaintiffs,

v.

TEVA PARENTERAL MEDICINES,
INC., formerly known as SICOR
PHARMACEUTICALS, INC.; SICOR,
Inc., a Delaware Corporation; BAXTER
HEALTHCARE CORPORATION,
a Delaware Corporation; McKESSON
MEDICAL-SURGICAL INC., a Delaware
Corporation,

                    Defendants.

HYMANSON & HYMANSON
8816 Spanish Ridge Avenue
Las Vegas, NV 89148
702.629.3300

4

**TO:    THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA**

Defendants TEVA PARENTERAL MEDICINES, INC. ("TPM"), formerly known as SICOR PHARMACEUTICALS, INC.; SICOR, Inc.; BAXTER HEALTHCARE CORPORATION ("BAXTER"); McKESSON MEDICAL-SURGICAL INC. "(MCKESSON") (collectively "Defendants") hereby notice the removal of this action to the United States District Court, and, in support thereof, state as follows:

1.      Defendants are the defendants in the above-entitled action commenced in the Eighth Judicial District Court, in and for Clark County, Nevada, as Case No. A-18-782023-C, and now pending in that court ("State Court Action").

2.      Plaintiffs commenced the State Court Action by filing a complaint ("Complaint") on October 1, 2018.

3.      Service of the Complaint upon Defendants TEVA PARENTERAL MEDICINES, INC., formerly known as SICOR PHARMACEUTICALS, INC.; BAXTER HEALTHCARE CORPORATION; McKESSON MEDICAL-SURGICAL INC., was effected on November 20, 2018.  Service has not been effected on Defendant SICOR, Inc.

4.      The Complaint alleges claims for 1) strict product liability; 2) breach of the implied warranty of fitness for a particular purpose; 3) negligence; 4) violation of the Nevada deceptive trade practices act; and 5) punitive damages. Plaintiffs pray for relief for general damages, "in excess of $15,000." Plaintiffs also pray for unspecified special damages according to proof, attorney's fees and costs, and punitive damages according to proof.

5.      No further proceedings have been had in this matter in the Eighth Judicial District Court.

6.      Thirty days have not elapsed since Defendants were served with the complaint in this action.

**DIVERSITY OF CITIZENSHIP**

7.      This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a) and this action may be removed to this Court by Defendants pursuant to 28 U.S.C. §1441(a) and (b) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of

HYMANSON & HYMANSON
8815 Spanish Ridge Avenue
Las Vegas, NV 89148
702.629.3300

1    $75,000 for each plaintiff, exclusive of interests and costs.

2         8.    Defendants TEVA PARENTERAL MEDICINES, INC., formerly known as

3    SICOR PHARMACEUTICALS, INC., and SICOR, Inc. are incorporated in the State of

4    Delaware, with its principal place of business in the State of California;

5         9.    Defendant BAXTER HEALTHCARE CORPORATION, is incorporated in the

6    State of Delaware, with its principal place of business in the State of Illinois;

7        10.    Defendant McKESSON MEDICAL-SURGICAL INC., is incorporated in the State

8    of Virginia, with its principal place of business in the State of Virginia.

9        11.    The majority of Plaintiffs ("Plaintiffs"), are residents of Clark County, Nevada,

10    with the exception of Plaintiffs ANNIE GILLESPIE, SOPHIE HINCHLIFF, DIANE KIRCHER,

11    ORVILLE KIRCHER, DAVID MAGEE, FRANCISCO MANTUA, MARIA MARTINEZ,

12    ANGA MCCLAIN, JIMMY NIX, GEORGIA OLSON, MARK OLSON, DALLAS PYMM,

13    SHIRLEY PYRTLE, LEANNE ROBIE, GEOLENE SCHALLER, MARLENE SIEMS,

14    TIMOTHY DYER, CAROL HIEL, JULIE KALSNES f/k/a OLSON, FRANK STEIN, JANET

15    STEIN, KRISTEN FOSTER, MICHAEL MALONE, J. HOLLAND WALLIS, SHARON

16    WILKINS, MARIDEE ALEXANDER, NATHANIA BELL, FRED BLACKINGTON, ROBERT

17    BUSTER, BONNIE CLARK, CHRISTA COYNE, CONRAD DUPONT, ELLAMAE GAINES,

18    KATHERINE HOLZHAUER, JOHN JULIAN, EDWARD LEVINE, ZOLMAN LITTLE,

19    BILLIE MATHEWS, MICHAEL MCCOY, CLIFTON ROLLINS, JOHN ROMERO, BUDDIE

20    SALSBURY, BERNICE SANDERS, CARL SMITH, VICKIE SMITH, WILLIAM SNEDEKER,

21    CYNTHIA SPENCER, VON TRIMBLE, JOHN VICCIA, MARY WENTWORTH, SALLY

22    WEST, REBECCA DAY and DION DRAUGH, who are listed in the Complaint as residing

23    somewhere other than Clark County, Nevada with no other details provided by Plaintiffs'

24    counsel.

25        12.    Based on information and belief, there is now and there was at the time of the

26    commencement of this action complete diversity between Plaintiffs and Defendants.

27

28

HYMANSON & HYMANSON
8816 Spanish Ridge Avenue
Las Vegas, NV 89148
702.629.3300

13. The sum of the damages alleged by Plaintiffs necessarily exceeds $75,000 for each plaintiff, exclusive of interest and costs.[1] Specifically, Plaintiffs are seeking punitive damages. "Punitive damages may be considered in determining the requisite jurisdictional amount." *Woodman of the World Life Ins. Soc'y v. Manganaro*, 342 F.3d 1213, 1218 (10th Cir. 2003).

14. Based on the above, adequate grounds exist to remove the Complaint to this Court based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a).

## FEDERAL QUESTION JURISDICTION

15. This Court may additionally and/or alternatively exercise jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1367. Plaintiffs' claims are removeable because they necessarily raise a substantial and disputed question of federal law. In addition, all remaining claims are removable subject to the Court's supplemental jurisdiction.

16. The Supreme Court has held that state-law claims are removable under federal question jurisdiction pursuant to 28 U.S.C. § 1331 where they "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities. *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.,* 545 U.S. 308, 314 (2005).

17. Federal jurisdiction exists where a state law claim necessarily involves the construction or application of federal law. *See, e.g. D'Alessio v. New York Stock Exchanging, Inc.*, 258 F.3d 93, 99 (2d Cir.2001)("[A] case is deemed to 'arise under' federal law 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'")(alteration in original)(quoting *Franchise Tax Bd. V. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9 (1983)).

18. In addition, this Court has original and removal jurisdiction over civil actions, such

---

[1] Defendants note that they are not required to, nor do they, concede that Plaintiffs are entitled to recover more than $75,000. *See Kelderman v. Remington Arms Co.*, 734 F.Supp.1527, 1528 (S.D. Iowa 1990) (rejecting a plaintiff's attempt to "place [a] defendant in the awkward position of embracing a concession on the important issue of damages," to establish jurisdiction, noting that a "defendant need not go that far"). Indeed, Defendants specifically deny that Plaintiffs are entitled to recover *any* damages.

HYMANSON & HYMANSON
8816 Spanish Ridge Avenue
Las Vegas, NV 89148
702.629.3300

HYMANSON & HYMANSON
8816 Spanish Ridge Avenue
Las Vegas, NV 89148
702.629.3300

as this one, that arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C §

1331, 1441(a). Among the civil actions that "arise under" federal law are "state-law claims that

implicate significant federal issues." *Grable* 545 U.S. at 312. Such claims capture the

"commonsense notion that a federal court ought to be able to hear claims recognized under state

law that nonetheless turn on substantial questions of federal law, and thus justify resort to the

experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." *Id.*

19.    Thus, federal question jurisdiction also exists where, as here, a "state law claim

necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum

may entertain without disturbing any congressionally approved balance of federal and state

judicial responsibilities." *Id.* at 314.

20.    The claims asserted in the Complaint meet both of these standards for federal

question jurisdiction. Although the Complaint is sparse on the actual legal basis of its claims, the

essence of the complaint is that Defendants improperly packaged and distributed propofol.

21.    The packaging of propofol is regulated by the U.S. Food and Drug Administration

("FDA") specifically, 21 Code of Federal Regulation ("CFR") § 211, which lays out the

"minimum current good manufacturing practice for preparation of drug products . . . for

administration to humans or animals."

22.    CFR 211.130 states, "(t)here shall be written procedures designed to assure that

correct labels, labeling, and packaging materials are used for drug products; such written

procedures shall be followed." "(I)t is a requirement under Current Good Manufacturing Practices

that every drug manufacturer and/or processor develop and follow detailed written procedures for

all aspects of the production, testing, storage, labeling and distribution of any and all of its drug

products." *U.S. v. Richlyn Laboratories, Inc.*, 822 F.Supp. 268, 272 (E.D. Pa. 1993).  In *U.S. v.*

*Richlyn Laboratories, Inc.* the court initially granted a preliminary injunction and later a

permanent injunction enjoining a drug manufacturer from "manufacturing, processing, packaging

and distributing their drug products until such time as they are in full compliance with Current

Good Manufacturing Practices." *Id.* at 273.

23.    Here, the core of the Complaint alleges that the manner in which Defendants'

8

HYMANSON & HYMANSON
8816 Spanish Ridge Avenue
Las Vegas, NV 89148
702.629.3300

generic propofol was manufactured and/or packaged – processes which are strictly regulated by the FDA – nevertheless violated Nevada State laws. However, the United States Supreme Court has held in *PLIVA, Inc. v. Mensing* and its progeny that the federal government has exclusive authority to regulate the packaging of pharmaceutical drugs, and the Supremacy Clause preempts state laws purporting to place burdens upon drug manufactures that are in conflict with federal regulations. 564 U.S. 604 (2011). Questions concerning the application of FDA regulations to Defendants' propofol, whether Defendants complied with the same, and whether those regulations are in harmony with state law comprise the essence of Plaintiffs' claims. Accordingly, the core of the Complaint "necessarily raise[s] a stated federal issue, actually disputed and substantial" and is therefore removable as it presents a federal question. *Grable*, 545 U.S. at 314.

24.     Moreover, Defendants are generic manufacturers of propofol and therefore governed by 21 U.S.C. § 355 and 21 C.F.R. § 314. Specifically, a manufacturer that seeks approval of a generic drug, such as Defendants herein, is responsible for ensuring that its warning label is the same as the brand name's. *Mensing*, 564 U.S. at 613 (citing § 355(j)(2)(A)(v); § 355(j)(4)(G); 21 CFR §§ 314.94(a)(8), 314.127(a)(7)). The requirement that a generic manufacturer keep its label identical to the FDA-approved brand drug's label is referred to as the duty of "sameness." *Mensing*, 564 U.S. at 613, 616. This doctrine applies to every portion of Plaintiffs' complained-of conduct, including the labeling, warnings, route of administration, dosage form, and strength. *See* 21 C.F.R. § 314.94(a)(6); 21 U.S.C. § 355(j)(2)(iii). In each case, Defendants were required by federal law to make their generic propofol identical to the brand name version, subject to certain limited exceptions not alleged by Plaintiffs to be at issue here. This is yet another independent reason why the core of the Complaint "necessarily raise[s] a stated federal issue, actually disputed and substantial" and is therefore removable as it presents a federal question. *Grable*, 545 U.S. at 314.

25.     The Complaint also attempts to attack the size of the generic propofol vials sold and distributed by Defendants by inarticulately arguing that Defendants should have simply stopped selling the 50 mL vials. However, the stop-selling theory is extensively discussed and rejected by the U.S. Supreme Court in *Mutual Pharmaceutical Co., Inc. v. Bartlett*, 570 U.S. 472,

9

488-490 (2013). In *Bartlett*, the Supreme Court attacked the Court of Appeals reasoning that Mutual could "escape the impossibility of complying with both its federal - and state law duties by 'choos[ing] not to make [sulindac] at all.'" *Id.* at 488 (internal citation omitted). The *Bartlett* Court went on to state, "(t)he incoherence of the stop-selling theory becomes plain when viewed through the lens of our previous cases. In every instance in which the Court has found impossibility pre-emption, the 'direct conflict' between federal – and state-law duties could easily have been avoided if the regulated actor had simply ceased acting." *Id.* The Supreme Court concludes its analysis of the stop selling theory by stating, "(j)ust as the prospect that a regulated actor could avoid liability under both state and federal law by simply leaving the market did not undermine the impossibility analysis in *PLIVA*, so it is irrelevant to our analysis here." *Id.* at 489-490. Again, this is another independent reason why the core of the Complaint "necessarily raise[s] a stated federal issue, actually disputed and substantial" and is therefore removable as it presents a federal question. *Grable*, 545 U.S. at 314.

26.    This Court has "supplemental jurisdiction over all other claims that are so related to the claims in the action within [the Court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). As set forth above, Plaintiffs' claims against Defendants are within the Court's original jurisdiction pursuant to 28 U.S.C. § 1331. On an individual, per-Plaintiff basis, all other claims in this action arise out of the same case or controversy in that they seek relief in connection with personal injuries allegedly stemming from the use of propofol. Accordingly, there is supplemental jurisdiction over all other claims in this action.

**FILING OF SERVICE AND REMOVAL OF DOCUMENTS**

27.    A copy of the Complaint is attached hereto as Exhibit "A".

28.    A copy of the Plaintiffs' Initial Appearance Fee Disclosure is attached hereto as Exhibit "B".

29.    A copy of the Docket Sheet is attached as Exhibit "C".

30.    Other than the documents attached as Exhibits A-C, no pleadings, process, orders, or other documents in the case have been served or otherwise received by Defendants or, to

HYMANSON & HYMANSON
8816 Spanish Ridge Avenue
Las Vegas, NV 89148
702.629.3300

Defendants' knowledge, are presently on file in the State Court. In the event that such filings come to Defendants' attention, true and legible copies will immediately be filed with this Court.

31. Defendants are serving written notification on Plaintiffs' counsel. Defendants are also filing a Notification of Removal, attaching a copy of this Notice of Removal with the Clerk of the Eighth Judicial District Court, Clark County, State of Nevada.

Based on the foregoing, Defendants remove the above-entitled action now pending in the Eighth Judicial District Court, in and for Clark County, Nevada, as Case No. A-18-782023-C, to this Court.

DATED this 10th day of December, 2018.

HYMANSON & HYMANSON

BY: _/s/    Philip M. Hymanson_
PHILIP M. HYMANSON, ESQ.
Nevada State Bar No. 2253
HENRY JOSEPH HYMANSON, ESQ.
Nevada State Bar No. 14381
HYMANSON & HYMANSON
8816 Spanish Ridge Avenue
Las Vegas, NV 89148
(702) 629-3300 Telephone
(702) 629-3332 Facsimile
Phil@HymansonLawNV.com
Hank@HymansonLawNV.com

*Attorneys for TEVA PARENTERAL MEDICINES, INC., formerly known as SICOR PHARMACEUTICALS, INC.; SICOR, Inc.; BAXTER HEALTHCARE CORPORATION; McKESSON MEDICAL-SURGICAL INC.*

*HYMANSON & HYMANSON*
*8816 Spanish Ridge Avenue*
*Las Vegas, NV 89148*
*702.629.3300*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

HYMANSON & HYMANSON
8816 Spanish Ridge Avenue
Las Vegas, NV 89148
702.629-3300

## CERTIFICATE OF SERVICE

Pursuant to Fed.R.Civ.P.5(b), and Section IV of District of Nevada Electronic Filing Procedures, I certify that I am an employee of Hymanson & Hymanson, and that a true and correct copy of the **NOTICE OF REMOVAL** was served via electronic service, via CM/ECF, on the 10th day of December, 2018, and to the address(es) shown below:

Peter C. Wetherall, Esq.
NV Bar No. 4414
WETHERALL GROUP, LTD.
9345 West Sunset Road, Suite 100
Las Vegas, Nevada 89148
Tel.: (702) 838-8500
Fax: (702) 837-5081
pwetherall@wetherallgroup.com
*Attorney for Plaintiffs*

_____
        */s/ Karen Wiehl*
an employee of Hymanson & Hymanson

12

# EXHIBIT "A"

# EXHIBIT "A"

Electronically Filed
10/1/2018 10:01 PM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
Peter C. Wetherall, Esq.
NV Bar No. 4414
WETHERALL GROUP, LTD.
9345 West Sunset Road, Suite 100
Las Vegas, Nevada  89148
Tel.:  (702) 838-8500
Fax:  (702) 837-5081
pwetherall@wetherallgroup.com
*Attorneys for Plaintiffs*

## DISTRICT COURT

## CLARK COUNTY, NEVADA

* * *

MAUREEN BRIDGES; MARIA LISS; MARY
CATTLEDGE; FRANKLIN CORPUZ;
BARBARA EDDOWES; ARTHUR EINHORN;
CAROL EINHORN; WOODROW FINNEY;
JOAN FRENKEN; EMMA FUENTES; JUDITH
GERENCES; ANNIE GILLESPIE; CYNTHIA
GRIEM-RODRIGUEZ; DEBBIE HALL;
LLOYD HALL; SHANERA HALL; VIRGINIA
HALL; ANNE HAYES; HOMERO
HERNANDEZ; SOPHIE HINCHLIFF;ANGEL
BARAHONA; MARTA FERNANDEZ-
VENTURA; WILLIAM FRALEY; RICHARD
FRANCIS; GEORGINA HETHERINGTON;
JANICE HOFFMAN; GEORGE JOHNSON;
LINDA JOHNSON; SHERON JOHNSON;
STEVE JOHNSON; SEAN KEENAN; KAREN
KEENEY; DIANE KIRCHER; ORVILLE
KIRCHER; STEPHANIE KLINE; KIMBERLY
KUNKLE; PATRICIA LEWIS-GLYNN; BETTE
LONG; PETER LONGLY; DIANA
LOUSIGNONT;MARIA KOLLENDER;DAVID
MAGEE;FRANCISCO MANTUA;DANA
MARTIN;MARIA MARTINEZ;JOHN
MAUIZIO;ANGA MCCLAIN;BARRY
MCGIFFIN;MARIAN MILLER;HIEP
MORAGA;SONDRA MORENO;JIMMY
NIX;NANCY NORMAN;GEORGIA
OLSON;MARK OLSON;BEVERLY
PERKINS;MARYJANE PERRY;RICKY
PETERSON;BRANDILLA PROSS;DALLAS

CASE NO.:      A-18-782023-C

DEPT. NO.:     Department 24

__COMPLAINT__

WETHERALL GROUP, LTD.
9345 W. SUNSET ROAD, SUITE 100
LAS VEGAS, NEVADA 89148
(702) 838-8500 • FAX (702) 837-5081

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PYMM;LEEANN PINSON;SHIRLEY
PYRTLE;EVONNE QUAST;RONALD
QUAST;LEANNE ROBIE;ELEANOR
ROWE;RONALD ROWE;DELORES
RUSS;MASSIMINO RUSSELLO;GEOLENE
SCHALLER;JAN MICHAEL
SHULTZ;FRANCINE SIEGEL;MARLENE
SIEMS;RATANAKORN SKELTON;WALLACE
STEVENSON;ROBERT STEWART;RORY
SUNDSTROM; CAROL SWAN;SONY
SYAMALA;RICHARD
TAFAYA;JACQUELINE BEATTIE;PRENTICE
BESORE;IRENE BILSKI;VIOLA
BROTTLUND-WAGNER;PATRICK
CHRISTOPHER;PAUL DENORIO;DAVID
DONNER;TIMOTHY DYER;DEMECIO
GIRON;CAROL HIEL;CAROLYN
LAMYER;REBECCA LERMA;JULIE
KALSNES f/k/a OLSON;FANNY
POOR;FRANCO PROVINCIALI;JOELLEN
SHELTON;FRANK STEIN;JANET STEIN;LOIS
THOMPSON;FRANK TORRES;FRANK
BEALL;PETER BILLITTERI;IRENE
CAL;CINDY COOK;EVELYN EALY;KRISTEN
FOSTER;PHILLIP GARCIA;JUNE
JOHNSON;LARRY JOHNSON;WILLIAM
KEPNER;PEGGY LEGG;JOSE
LOZANO;JOSEPHINE LOZANO;DEBORAH
MADISON;MICHAEL MALONE;ANN MARIE
MORALES;GINA RUSSO;COLLEEN
TRANQUILL;LORAINE TURRELL;GRAHAM
TYE;SCOTT VANDERMOLIN;LOUISE
VERDEL;J.HOLLAND WALLIS;ANGELA
HAMLER f/k/a WASHINGTON;SHARON
WILKINS;MARK WILLIAMSON;STEVE
WILLIS;BENYAM YOHANNES;MICHAL
ZOOKIN;LIDIA ALDANAY; MARIDEE
ALEXANDER; ELSIE AYERS; JACK AYERS;
CATHERINE BARBER; LEVELYN BARBER;
MATTHEW BEAUCHAMP; SEDRA
BECKMAN; THOMAS BEEM; EMMA RUTH
BELL; NATHANIA BELL; PAMELA
BERTRAND; VICKI BEVERLY; FRED
BLACKINGTON; BARBARA BLAIR;
MICHELLE BOYCE; NORANNE
BRUMAGEN; HOWARD BUGHER; ROBERT

WETHERALL GROUP, LTD.
9345 W. SUNSET ROAD, SUITE 100
LAS VEGAS, NEVADA 89148
(702) 838-8500 • FAX (702) 837-5081

2

BUSTER; WINIFRED CARTER; CODELL
CHAVIS; BONNIE CLARK; KIP COOPER;
MICHEL COOPER; CHRISTA COYNE; NIKKI
DAWSON; LOU DECKER; PETER DEMPSEY;
MARIA DOMINGUEZ; CAROLYN
DONAHUE; LAWRENCE DONAHUE;
CONRAD DUPONT; DEBORAH
ESTEEN;LUPE EVANGELIST;KAREN
FANELLI;LAFONDA FLORES;MADELINE
FOSTER;ELOISE FREEMAN;ELLAMAE
GAINES;LEAH GIRMA;ANTONIO
GONZALES;FRANCISCO
GONZALES;RICHARD GREEN;ISABEL
GRIJALVA;JAMES HAMILTON;BRENDA
HARMAN;DONALD HARMAN;SUSAN
HENNING;JOSE HERNANDEZ;MARIE
HOEG;JAMES H.  MCAVOY;MARGUARITE
M. MCAVOY;WILLIAM DEHAVEN;VELOY
E. BURTON;SHIRLEY   CARR;MARY
DOMINGUEZ;CAMILLE  HOWEY;LAVADA
SHIPERS;JANNIE SMITH;MILDRED J.
TWEEDY;SALVATORE J. SBERNA;JOSEPH
LEWANDOWSKI;CAROLE LEE
PERRELLI;JOSEPH PERRELLI;MURIEL
CAROL HINMAN;KENNETH D.
HINMAN;JANICE WELSH;LOIS
THOMPSON;LOLA HALL;JAMES ("DICK")
GUM;AUDREY GUM;PATRICK
SNYDER;EDWARD SUTER;NANCY
TITMUSS;MICHAEL TITMUSS;PHYLLIS J.
BODELL;HELEN HACKETT;MARTHA
TURNER;ROBERT RUGG;KATHERINE
HOLZHAUER;ALICIA HOSKINSON;GREG
HOUCK;DIONNE JENKINS;JOHN
JULIAN;WILLIAM KADER;MARY ELLEN
KAISER;VASILIKI
KALKANTZAKOS;WILLIAM
KEELER;ROBERT KELLAR;SHIRLEY
KELLAR;MELANIE KEPPEL;ANITA
KINCHEN;PETER KLAS;LINDA
KOBIGE;LINDA
KORSCHINOWSKI;DURANGO LANE;JUNE
LANGER;NANCY LAPA;EDWARD
LEVINE;MERSEY LINDSEY;ZOLMAN
LITTLE;STEVE LYONS; MARSENE
MAKSYMOWSKI; PAT MARINO; BILLIE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

WETHERALL GROUP, LTD.
9345 W. SUNSET ROAD, SUITE 100
LAS VEGAS, NEVADA 89148
(702) 838-8500  •  FAX (702) 837-5081

MATHEWS; KRISTINE MAYEDA; CARMEN MCCALL; MICHAEL MCCOY; ANNETTE MEDLAND; JOSPEHINE MOLINA; LEN MONACO; RACHEL MONTOYA; THEODORE MORRISON; XUAN MAI NGO; JACQUELINE NOVAK; FAITH O'BRIEN; DENISE ORR; JAVIER PACHECO; ELI PINSONAULT; FLORENCE PINSONAULT; STEVE POKRES; TIMOTHY PRICE; STEVEN RAUSCH; CLIFTON ROLLINS; JOHN ROMERO; JEAN ROSE; RONALD RUTHER; JUAN SALAZAR; PRISCILLA SALDANA; BUDDIE SALSBURY; BERNICE SANDERS; DANNY SCALICE; CARL SMITH; VICKIE SMITH; WILLIAM SNEDEKER; EDWARD SOLIS; MARY SOLIZ; ROGER SOWINSKI; CYNTHIA SPENCER; STEPHEN STAGG; TROY STATEN;LINDA STEINER; GWEN STONE; PHAEDRA SUNDAY; CLARENCE TAYLOR; CATHERINE THOMPSON; MARGRETT THOMPSON; VERNON THOMPSON; DAVID TOMLIN; VON TRIMBLE; CHUONG VAN TRONG; JOHN VICCIA; STEVEN VIG; JANET VOPINEK; KATHY WALENT; LINDA WALKER; SHIRLEY WASHINGTON; MARY WENTWORTH; BETTY WERNER; SALLY WEST; DEE LOUISE WHITNEY; SHIRLEY WOODS; TONY YUTYATAT; CATALINA ZAFRA; METRO ZAMITO; CHRISTINA ZEPEDA; ANDREW ZIELINSKI; CAROLYN ARMSTRONG; BETTY BRADLEY; CHARLEEN DAVIS-SHAW; REBECCA DAY; DION DRAUGH; VINCENZO ESPOSITO,

Plaintiffs,

v.

TEVA PARENTERAL MEDICINES, INC., formerly known as SICOR PHARMACEUTICALS, INC.; SICOR, Inc., a Delaware Corporation; BAXTER HEALTHCARE CORPORATION, a Delaware Corporation; McKESSON MEDICAL-SURGICAL INC., a Delaware Corporation,

WETHERALL GROUP, LTD.
9345 W. SUNSET ROAD, SUITE 100
LAS VEGAS, NEVADA 89148
(702) 838-8500 • FAX (702) 837-5081

4

1    Defendants.

2    COME NOW Plaintiffs above-captioned, by and through their attorneys of record,

3    Peter C. Wetherall, Esq., and WETHERALL GROUP, LTD., and for their Complaint hereby

4    aver and allege as follows:

5    1.    At all relevant times, Plaintiffs have been adult, competent residents of Clark

6    County, Nevada, with the exception of Plaintiffs ANNIE GILLESPIE, SOPHIE HINCHLIFF,

7    DIANE KIRCHER, ORVILLE KIRCHER, DAVID MAGEE, FRANCISCO MANTUA,

8    MARIA MARTINEZ, ANGA MCCLAIN, JIMMY NIX, GEORGIA OLSON, MARK

9    OLSON, DALLAS PYMM, SHIRLEY PYRTLE, LEANNE ROBIE, GEOLENE SCHALLER,

10   MARLENE SIEMS, TIMOTHY DYER, CAROL HIEL, JULIE KALSNES f/k/a OLSON,

11   FRANK STEIN, JANET STEIN, KRISTEN FOSTER, MICHAEL MALONE, J.HOLLAND

12   WALLIS, SHARON WILKINS, MARIDEE ALEXANDER, NATHANIA BELL, FRED

13   BLACKINGTON, ROBERT BUSTER, BONNIE CLARK, CHRISTA COYNE, CONRAD

14   DUPONT, ELLAMAE GAINES, KATHERINE HOLZHAUER, JOHN JULIAN, EDWARD

15   LEVINE, ZOLMAN LITTLE, BILLIE MATHEWS, MICHAEL MCCOY, CLIFTON

16   ROLLINS, JOHN ROMERO, BUDDIE SALSBURY, BERNICE SANDERS, CARL SMITH,

17   VICKIE SMITH, WILLIAM SNEDEKER, CYNTHIA SPENCER, VON TRIMBLE, JOHN

18   VICCIA, MARY WENTWORTH, SALLY WEST, REBECCA DAY and DION DRAUGH.

19   2.    Defendant, TEVA PARENTERAL MEDICINES, INC., formerly known as

20   SICOR PHARMACEUTICALS, INC., and SICOR, INC. (hereinafter collectively referred to as

21   "SICOR") are, and were at all relevant times herein, corporations chartered by and existing

22   under and by virtue of the laws of the State of Delaware, with their principal place of business

23   in the State of California and are and were in the business of manufacturing, marketing,

24   distributing, and selling propofol and other medical products utilized by physicians and health

25   care providers in connection with the provision of anesthesia services to patients at the

26   aforementioned Clinics.

27   3.    Defendant, BAXTER HEALTHCARE CORPORATION (hereinafter referred to

28   as "BAXTER") is, and was at all relevant times herein, a corporation chartered by and existing

WETHERALL GROUP, LTD.
9345 W. SUNSET ROAD, SUITE 100
LAS VEGAS, NEVADA 89148
(702) 838-8500 • FAX (702) 837-5081

under and by virtue of the laws of the State of Delaware, with its principal place of business in the State of Illinois and is and was in the business of manufacturing, marketing, distributing, and selling propofol and other medical products utilized by physicians and health care providers in connection with the provision of anesthesia services to patients at the aforementioned Clinics.

4. Upon information and belief, Defendant, McKESSON MEDICAL-SURGICAL INC. (hereinafter referred to as "McKESSON") is, and was at all relevant times herein, a corporation chartered by and existing under and by virtue of the laws of the State of Delaware, with its principal place of business in the State of California and is and was in the business of marketing, distributing, and selling propofol and other medical products utilized by physicians and health care providers in connection with the provision of anesthesia services to patients at the aforementioned Clinics.

5. That at all times mentioned herein, the product Defendants were the agents, servants and/or employees of each of the other product Defendants, and were acting with permission and consent and within the course and scope of their agency and employment; that all such Defendants were responsible in some manner for the events and happenings referred to herein (either directly or through aiding and abetting, either negligently or intentionally), and proximately caused damages to Plaintiffs in a way that makes these Defendants jointly and severally liable.

6. At all relevant times, Defendants have been parties to and beneficiaries of a tolling agreement with these Plaintiffs, entered into in this jurisdiction, which has had the effect of tolling the statute of limitations applicable to Plaintiffs claims.

7. Each of the acts alleged herein occurred in Clark County, Nevada, at an endoscopy center (hereinafter CLINIC) located at 700 Shadow Lane, Clark County, Nevada (or related facilities) which provided anesthesia services in connection with the provision of endoscopy procedures to patients.

WETHERALL GROUP, LTD.
9345 W. SUNSET ROAD, SUITE 100
LAS VEGAS, NEVADA 89148
(702) 838-8500 • FAX (702) 837-5081

6

WETHERALL GROUP, LTD.
9345 W. SUNSET ROAD, SUITE 100
LAS VEGAS, NEVADA 89148
(702) 838-8500 • FAX (702) 837-5081

8.    At all relevant times (hereinafter understood to be between March 2004 to January 2008), Defendants designed, manufactured labeled, marketed, sold or distributed propofol to the aforementioned CLINIC.

9.    At all relevant times, Defendants knew or should have known of practices and procedures at the CLINIC which involved the re-use of injection syringes and anesthesia bottles which created a foreseeable risk of infection/cross-contamination between patients with whom said syringes and anesthesia bottles were shared.

10.    The above-described re-use of injection syringes and anesthesia bottles may not have occurred each and every time an injection was done at the CLINIC, but happened consistently enough during the time that Defendants supplied propofol to justify a mass warning of possible infection sent to all individuals who received an injection at the CLINIC between March 2004 and January 2008, and said warning did in fact occur commencing in approximately February, 2008.

11.    Governmental health officials, health care providers, and representatives of the CLINIC itself recommended that any and all persons who received an injection at the clinic between March of 2004 and January of 2008 get tested for Hepatitis B, Hepatitis C, and HIV, as well as spouses and significant others with whom CLINIC patients may have had sexual contact.

12.    At all relevant times, Plaintiffs each received injections at the CLINIC on one or more occasion, and were thereafter notified or otherwise learned that they were potentially exposed to the risk of infectious disease by reason of the injection practices and procedures used at the CLINIC.

13.    In response to learning that they were potentially exposed to an infectious disease by reason of the practices and procedures at the CLINIC, Plaintiffs obtained the recommended testing and eventually learned that they were infection-free.

14.    According to the Southern Nevada Health District, http://www.cchd.org/hepc-investigation/index.php, patients of these clinics were exposed to a risk of possible exposure to blood-borne pathogens in the following manner:

7

a. A syringe (not a needle) that was used to administer medication to a patient was reused on the same patient to draw up additional medication.

b. The process of redrawing medication using the same syringe could have contaminated the vial from which the medicine was drawn with the blood of the patient.

c. The vial, which was not labeled for use on multiple patients, was then used for a second patient (with a clean needle and syringe).

d. If that vial was contaminated with the blood of the first patient, any subsequent patients given medication from that vial could have been exposed to bloodborne pathogens.

15.    On or about February 28, 2008, the Southern Nevada Health District sent Plaintiffs and approximately 60,000 others a letter informing them that they were "placed at risk of possible exposure to bloodborne (sic) pathogens," and that "[a]s a precaution, and in order to take appropriate steps to protect your health, we recommend you get tested for hepatitis C, hepatitis B, and HIV."

16.    Plaintiffs and many others similarly situated (as either CLINIC patients or persons with whom CLINIC patients had sexual contact) reacted to the Southern Nevada Health District's notification of possible infection (or notification through some other means) by getting the recommended testing, and incurred medical bills and other out-of-pocket expense for that testing as a result.

17.    Plaintiffs (and many others) ultimately tested negative for hepatitis C, hepatitis B, and HIV, but each Plaintiff endured emotional distress, anxiety, and fear during the pendency of their test results and for some time after.

18.    Plaintiffs herein have had a tolling agreement in place with Defendants since February 23, 2010.

### FIRST CLAIM FOR RELIEF
### STRICT PRODUCT LIABILITY
### (As to Teva/Sicor, Baxter and McKesson Defendants)

WETHERALL GROUP, LTD.
9345 W. SUNSET ROAD, SUITE 100
LAS VEGAS, NEVADA 89148
(702) 838-8500 • FAX (702) 837-5081

8

19.     Plaintiff hereby adopts and incorporates by reference all prior paragraphs as though fully set forth herein.

20.     In 1983, the Annuals of Internal Medicine published an article entitled "Hepatitis B Virus Transmission Associated With A Multiple-Dose Vial In A Hemodialysis Unit" found at Ann.Intern.Med. 1983; 99; 330-3.  Plaintiff is informed and believes and thereupon alleges that the potential for transmission of Hepatitis B or C or HIV from administration of medicine to two or more patients from the same vial has been known since at least 1983.

21.     Propofol (i.e., "Diprivan") was initially approved for marketing on October 2, 1989 for use as an anesthetic in outpatient and inpatient procedures.

22.     Plaintiff is informed and believes and thereupon alleges that, following the launch of the original formulation of propofol (i.e., "Diprivan"), that the original manufacturer (i.e., ICI Pharmaceuticals; which later became Zeneca Pharmaceuticals) and the FDA began to receive reports of infections associated with the failure of health care providers in the United States to use appropriate aseptic techniques in the administration of propofol; which reports raised concerns among Zeneca, the FDA and the Centers for Disease Control and Prevention (the "CDC") about propofol multi-dosing and its potential contaminant effect.

23.     On June 29, 1990, the CDC reported in the MMWR (June 29, 1990/39(25); 426, 247, 433 that 48% to 90% of anesthesia personnel were reusing syringes to administer propofol to multiple patients:

24.     Two recent surveys of anesthesia personnel show that aseptic technique and infection control practices are frequently not implemented during administration of anesthesia. In these surveys, from 48% to 90% of respondents reused syringes to multiple patients.

25.     Plaintiff is informed and believes and thereupon alleges that, between June 1990 and February 1993, the CDC conducted investigations at seven hospitals with unusual outbreaks of infections after surgical procedures using propofol and, focusing on four clusters of post operative infections in four states, the CDC concluded that contamination occurring from propofol administration was caused by mishandling the propofol.

WETHERALL GROUP, LTD.
9345 W. SUNSET ROAD, SUITE 100
LAS VEGAS, NEVADA 89148
(702) 838-8500 • FAX (702) 837-5081

26.    On July 6, 1990, Nancy E. Nazari of Stuart Pharmaceuticals sent a "Dear Doctor" letter to health care professionals regarding propofol (i.e., "Diprivan") discussing, among other things, potential multiple-dose vial contamination.

27.    On February 5, 1991, Nancy E. Nazari of Stuart Pharmaceuticals sent a "DearDoctor" letter to health care professionals regarding propofol (i.e., "Diprivan") discussing, among other things, potential multiple-dose vial contamination.

28.    On July 20, 1995, The New England Journal of Medicine published an article entitled "Postoperative Infections Traced to Contamination of an Intravenous Anesthetic, Propofol" that describes the above-referenced CDC investigation and, in addition, provided in pertinent part that anesthesia personnel were in fact reusing multi-dose vials on multiple patients despite written recommendations to the contrary:

29.    Despite the written recommendations of professional associations, such as the American Society of Anesthesiologists and the American Association of Nurse Anesthetists, which specifically advocate the use of aseptic techniques during the handling of medications, several authors have reported poor compliance with aseptic techniques and infection-control practices by anesthesia personnel.  Contamination of multi-dose vials, use of a single syringe to administer medication to different patients, assembling infusion equipment far in advance of use, and contamination of syringes and catheters have all been implicated in other outbreaks. Studies show that reuse of multi-dose vials can cause contamination of the medication in the vials and that contamination can occur during the opening of a glass vial whose surface has not been disinfected.   Injecting medications into intravenous catheters can cause syringes to become contaminated even if the needle is changed, so that using common syringes to administer medication to different patients can transmit infectious agents.

30.    On May 5, 2000, Defendant SICOR (under its then name "GensiaSicor Pharmaceuticals, Inc.") filed a Suitability Petition with the FDA requesting permission to supplement an abbreviated new drug application ("ANDA") for "100mg/10mL, single use vial" of propofol and Defendant SICOR stated that "a smaller vial size is safer in that it may reduce

10

the temptation for dosing multiple patients from a single container thereby reducing opportunities for microbial contamination."

31.    On September 17, 2001, Defendant SICOR (under its then name "GensiaSicor Pharmaceuticals, Inc.") filed a Suitability Petition with the FDA requesting permission to submit an abbreviated new drug application ("ANDA") for 2000mg/200mL vials of propofol. On or about December 17, 2001, the FDA rejected such petition; observing that 20 mL was the propofol "dose commonly used for propofol induction of anesthesia" and the FDA stated that larger doses "could make multi-dosing much more tempting and, hence, more likely."

32.    Plaintiffs are informed and believe and thereupon allege that, in or about 2002, 12 patients contracted Hepatitis C at a Manhattan physician's endoscopy center caused by medication drawn through multi-use vials.

33.    Plaintiffs are informed and believe and thereupon allege that, in or about 2002, 38 patients contracted Hepatitis C at a Manhattan pain clinic caused by medication drawn through multi-use vials.

34.    In 2003, the World Health Organization reported that single-dose vials should be used and that "the use of multi-dose vials has been reported to be a potential source of infections in 19 studies."  Bulletin of the World Health Organization 2003, 81 (7), entitled "Best infection control practices for intradermal, subcutaneous, and intramuscular needle injections." One of the 19 studies referenced involved hepatitis caused by "preparation of multi-dose heparin", which heparin is another Baxter product.  (See Oren, "A common-source outbreak of fulminant Hepatitis B in a hospital."  Annals of Internal Medicine 1989; 110:691-8).

35.    In June 2007, the FDA issued an alert that referenced reports of "several clusters of patients who have developed fever, chills, and body aches shortly after receiving propofol from 7 different facilities in 4 different states," and stated that the same propofol vial was used on multiple patients:  "To date, all affected patients received propofol for sedation in gastrointestinal suites.  Some facilities where the propofol was administered used propofol vials, intended only for single-patient use, for more than one patient."

WETHERALL GROUP, LTD.
9345 W. SUNSET ROAD, SUITE 100
LAS VEGAS, NEVADA 89148
(702) 838-8500 • FAX (702) 837-5081

11

36.     Plaintiffs are informed and believe and thereupon allege that, because of the hepatitis outbreaks in New York described above, the New York State Health Commissioner; Dr. Richard Daines, and the New York City Health Commissioner; Dr. Thomas Frieden, have called for an outright ban on multi-dose vials.

37.     Multiple use of propofol by endoscopy surgery centers on more than one patient was a foreseeable misuse of propofol vials.

38.     Defendants SICOR, BAXTER, and McKESSON knew or should have known that the smaller vial sizes were safer for endoscopy surgery centers given the amount of propofol typically used by such centers and the economic allure to such centers to use instead of discarding remaining propofol in a larger vial.  As set forth above, Defendant SICOR expressly stated that "a smaller vial size is safer in that it may reduce the temptation for dosing multiple patients from a single container thereby reducing opportunities for microbial contamination." (Emphasis added).

39.     Plaintiffs are informed and believe and thereupon allege that Defendants SICOR, BAXTER, and McKESSON knew of incidents prior to the shipment of the propofol used in this case wherein a surgery center reportedly used propofol on more than one patient.

40.     At the time the propofol was shipped, propofol in larger vial sizes was unreasonably dangerous for use in an endoscopy surgery center, that is dangerous to any extent beyond that which would be contemplated by the ordinary and prudent patient using such product, considering the characteristics of the product (including, but not limited to, the much smaller propofol dosage normally required for one patient undergoing colonoscopy or endoscopy surgery), its propensities, risks (including not limited to the potential for transmitting infectious disease such as Hepatitis B or C or HIV if propofol from the same vial was used on multiple patients), its dangers and uses.

41.     As a direct and proximate result of the tortious conduct of Defendants SICOR, BAXTER, and McKESSON alleged herein, Plaintiffs have incurred special damages in the form of medical expense as well as emotional distress, anxiety, and fear during the pendency of their test results and for some time after, all to their damage in an amount in excess of Ten

WETHERALL GROUP, LTD.
9345 W. SUNSET ROAD, SUITE 100
LAS VEGAS, NEVADA 89148
(702) 838-8500 • FAX (702) 837-5081

12

WETHERALL GROUP, LTD.
9345 W. SUNSET ROAD, SUITE 100
LAS VEGAS, NEVADA 89148
(702) 838-8500 • FAX (702) 837-5081

1  Thousand Dollars ($10,000.00) and the Fifteen Thousand Dollar ($15,000.00) minimum

2  necessary to invoke this Court's jurisdiction.

3

4  **SECOND CLAIM FOR RELIEF**
**BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE**

5  **(As to Teva/Sicor, Baxter, McKesson Defendants)**

6

7  42.    Plaintiffs hereby adopt and incorporate by reference all prior paragraphs as

8  though fully set forth herein.

9  43.    In March 1999, Defendant Sicor gave Defendant Baxter the exclusive right to

10  market propofol manufactured by Defendant Sicor in the United States.  The agreement

11  between Defendant Sicor and Defendant Baxter extended through January 1, 2009.

12  44.    Plaintiffs are informed and believe and thereupon allege that propofol provided

13  by the Product Defect Defendants was used to provide anesthetic for patients and procedures at

14  the Defendant Clinics during the relevant time period.

15  45.    At the time that the Product Defect Defendants manufactured, distributed,

16  marketed, and sold propofol in 50 ml bottles to the Defendant Centers, Defendants Sicor,

17  Baxter, and/or McKesson knew that the propofol was being used or potentially was being used

18  in an endoscopy surgery center, and impliedly warranted that the propofol as manufactured and

19  produced was safe and fit for the purpose for which the product was intended and or for all

20  foreseeable use and misuse that may occur at a high volume endoscopy center, including

21  aseptic practices of multi-dosing patients from the same bottle.

22  46.    Plaintiffs reasonably relied upon the skill and judgment of Product Defect

23  Defendants as to whether the propofol as packaged and sold was safe and fit for all its intended

24  and foreseeable uses as anesthesia in an endoscopy surgery center.

25  47.    Contrary to such implied warranty, the larger propofol vials as packaged were

26  not safe or fit for their intended use as anesthesia in an endoscopy center, and were and are

27  unreasonably dangerous and unfit for use as anesthesia in a high-volume endoscopy surgery

28  center because of the foreseeable misuse of treating patients from the same larger propofol vial.

13

48.    As a direct and proximate result of the tortious conduct of Defendants SICOR, BAXTER, and McKESSON alleged herein, Plaintiffs have incurred special damages in the form of medical expense as well as emotional distress, anxiety, and fear during the pendency of their test results and for some time after, all to their damage in an amount in excess of Ten Thousand Dollars ($10,000.00) and the Fifteen Thousand Dollar ($15,000.00) minimum necessary to invoke this Court's jurisdiction.

**THIRD CLAIM FOR RELIEF**
**NEGLIGENCE**
**(As to Teva/Sicor, Baxter and McKesson Defendants)**

49.    Plaintiff hereby incorporates by reference all prior paragraphs as though fully set forth herein.

50.    At all times mentioned herein, Defendants knew, or in the exercise of reasonable care should have known, that packaging, marketing, and distributing propofol to high turnover ambulatory clinics, such as the Defendant Clinics, in 50 ml vials, was of such a nature that it was likely to encourage or facilitate multi-dosing (use of one vial on multiple patients), which in turn is/was likely to injure the persons to whom it was given.

51.    Defendants owed a duty to Plaintiffs to distribute, market, and package the propofol in safe single use vials that are not conducive to multi-dosing.

52.    As a result of Defendants negligent packaging, marketing, and distribution, Defendants breached their duty to Plaintiffs by failing to protect Plaintiffs from foreseeable harm, resulting in the subject Clinics use of the vials of propofol on multiple patients and Plaintiffs' corresponding risk of exposure to infectious diseases.

53.    As a direct and proximate result of the tortious conduct of Defendants SICOR, BAXTER, and McKESSON alleged herein, Plaintiffs have incurred special damages in the form of medical expense as well as emotional distress, anxiety, and fear during the pendency of their test results and for some time after, all to their damage in an amount in excess of Ten Thousand Dollars ($10,000.00), and the Fifteen Thousand Dollar ($15,000.00) minimum necessary to invoke this Court's jurisdiction.

WETHERALL GROUP, LTD.
9345 W. SUNSET ROAD, SUITE 100
LAS VEGAS, NEVADA 89148
(702) 838-8500 • FAX (702) 837-5081

WETHERALL GROUP, LTD.
9345 W. SUNSET ROAD, SUITE 100
LAS VEGAS, NEVADA 89148
(702) 838-8500 • FAX (702) 837-5081

**FOURTH CLAIM FOR RELIEF**
**VIOLATION OF NEVADA DECEPTIVE TRADE PRACTICES ACT**
**(As to Teva/Sicor, Baxter and McKesson Defendants)**

54.     Plaintiff incorporates by reference each and every preceding paragraph as though fully set forth herein, and further alleges:

55.     The acts of all Defendants described herein also constitute violations of Nevada's Deceptive Trade Practices Act, as codified in NRS Chapter 598, in that Defendants:

    a.  Knowingly made a false representation as to the characteristics, ingredients, uses, benefits, alterations or quantities of goods or services for sale or lease [NRS 598.0915(5)];

    b.  Represented that goods or services for sale or lease were of a particular standard, quality or grade, or that such goods were of a particular style or model, where they knew or should have known that they were of another standard, quality, grade, style or model [NRS 598.0915(7)];

    c.  Knowingly made other false representations in a transaction affecting Plaintiff Rader and others similarly-situated [NRS 598.0915(15)];

    d.  Failed to disclose a material fact in connection with the sale or lease of goods or services [NRS 598.0923(2)].

56.     As a direct and proximate result of the tortious conduct of Defendants SICOR, BAXTER, and McKESSON alleged herein, Plaintiffs have incurred special damages in the form of medical expense as well as emotional distress, anxiety, and fear during the pendency of their test results and for some time after, all to their damage in an amount in excess of Ten Thousand Dollars ($10,000.00), and the Fifteen Thousand Dollar ($15,000.00) minimum necessary to invoke this Court's jurisdiction.

**FIFTH CLAIM FOR RELIEF**
**PUNITIVE DAMAGES**
**(As to Teva/Sicor, Baxter and McKesson Defendants)**

57.     Plaintiff incorporates by reference each and every preceding paragraph as though fully set forth herein.

15

58. The conduct of Defendants TEVA/SICOR, BAXTER, and McKESSON in manufacturing, distributing, marketing and/or selling propofol in larger vials to endoscopy surgery centers was willful, reckless, malicious and in total disregard to the health and safety of the patients or, alternatively, was in conscious and deliberate disregard of known safety procedures, thereby justifying an award of punitive damages.

59. Defendants' acts as described herein constitute oppression, fraud or malice (express or implied) as those terms are defined in NRS 42.001, warranting the imposition of punitive damages upon them as permitted under NRS 42.005 and NRS 598.0977, for the sake of example and by way of punishing the Defendants.

60. Plaintiffs herein have had to retain counsel and incur costs by reason of Defendants' tortious conduct alleged herein.

WHEREFORE, Plaintiffs pray for Judgment against the Defendants, and each of them jointly and severally, as follows:

1. General damages in excess of $15,000.00 per Plaintiff;

2. Special damages according to proof;

3. Punitive or exemplary damages according to proof;

4. Attorneys' fees;

5. Costs of suit incurred herein; and

6. For such other and further relief as the Court may deem just and proper.

DATED this 1st day of October, 2018.

WETHERALL GROUP, LTD.

by _____
    Peter C. Wetherall, Esq.
    pwetherall@wetherallgroup.com
    NV Bar No. 4414
    9345 West Sunset Road, Suite #100
    Las Vegas, Nevada 89148
    Ph. (702) 838-8500; Fax (702) 837-5081
    Attorneys for Plaintiffs

WETHERALL GROUP, LTD.
9345 W. SUNSET ROAD, SUITE 100
LAS VEGAS, NEVADA 89148
(702) 838-8500 • FAX (702) 837-5081

16

EXHIBIT "B"

EXHIBIT "B"

Electronically Filed
10/1/2018 10:01 PM
Steven D. Grierson
CLERK OF THE COURT

**IAFD**
Peter C. Wetherall, Esq., NV Bar No. 4414
WETHERALL GROUP, LTD.
9345 West Sunset Road, Suite 100
Las Vegas, Nevada 89148
Tel.: (702) 838-8500; Fax: (702) 837-5081
*Attorneys for Plaintiff*

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

**\* \* \***

MAUREEN BRIDGES, et al.,

        Plaintiffs,

    vs.

TEVA PARENTERAL MEDICINES, INC.,
formerly known as SICOR
PHARMACEUTICALS, INC.; SICOR, Inc., a
Delaware Corporation; BAXTER
HEALTHCARE CORPORATION,
a Delaware Corporation; McKESSON
MEDICAL-SURGICAL INC., a Delaware
Corporation,

        Defendants.

CASE NO.: A-18-782023-C

DEPT. NO.: Department 24

**INITIAL APPEARANCE FEE DISCLOSURE (NRS CHAPTER 19)**

    Pursuant to NRS Chapter 19, as amended by Senate Bill 106, filing fees are submitted

for parties appearing in the above entitled action as indicated below:

| | |
|---|---|
| MAUREEN BRIDGES | $270.00 |
| MARIA LISS | $30.00 |
| MARY CATTLEDGE | $30.00 |
| FRANKLIN CORPUZ | $30.00 |
| BARBARA EDDOWES | $30.00 |
| ARTHUR EINHORN | $30.00 |
| CAROL EINHORN | $30.00 |

WETHERALL GROUP, LTD.
9345 W. SUNSET ROAD, SUITE 100
LAS VEGAS, NEVADA 89148
(702) 838-8500 • FAX (702) 837-5081

| WOODROW FINNEY | $30.00 |
|---|---|
| JOAN FRENKEN | $30.00 |
| EMMA FUENTES | $30.00 |
| JUDITH GERENCES | $30.00 |
| ANNIE GILLESPIE | $30.00 |
| CYNTHIA GRIEM-RODRIGUEZ | $30.00 |
| DEBBIE HALL | $30.00 |
| LLOYD HALL | $30.00 |
| SHANERA HALL | $30.00 |
| VIRGINIA HALL | $30.00 |
| ANNE HAYES | $30.00 |
| HOMERO HERNANDEZ | $30.00 |
| SOPHIE HINCHLIFF | $30.00 |
| ANGEL BARAHONA | $30.00 |
| MARTA FERNANDEZ-VENTURA | $30.00 |
| WILLIAM FRALEY | $30.00 |
| RICHARD FRANCIS | $30.00 |
| GEORGINA HETHERINGTON | $30.00 |
| JANICE HOFFMAN | $30.00 |
| GEORGE JOHNSON | $30.00 |
| LINDA JOHNSON | $30.00 |
| SHERON JOHNSON | $30.00 |
| STEVE JOHNSON | $30.00 |
| SEAN KEENAN | $30.00 |
| KAREN KEENEY | $30.00 |
| DIANE KIRCHER | $30.00 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

WETHERALL GROUP, LTD.
9345 W. SUNSET ROAD, SUITE 100
LAS VEGAS, NEVADA 89148
(702) 838-8500 • FAX (702) 837-5081

| | |
|---|---|
| ORVILLE KIRCHER | $30.00 |
| STEPHANIE KLINE | $30.00 |
| KIMBERLY KUNKLE | $30.00 |
| PATRICIA LEWIS-GLYNN | $30.00 |
| BETTE LONG | $30.00 |
| PETER LONGLY | $30.00 |
| DIANA LOUSIGNONT | $30.00 |
| MARIA KOLLENDER | $30.00 |
| DAVID MAGEE | $30.00 |
| FRANCISCO MANTUA | $30.00 |
| DANA MARTIN | $30.00 |
| MARIA MARTINEZ | $30.00 |
| JOHN MAUIZIO | $30.00 |
| ANGA MCCLAIN | $30.00 |
| BARRY MCGIFFIN | $30.00 |
| MARIAN MILLER | $30.00 |
| HIEP MORAGA | $30.00 |
| SONDRA MORENO | $30.00 |
| JIMMY NIX | $30.00 |
| NANCY NORMAN | $30.00 |
| GEORGIA OLSON | $30.00 |
| MARK OLSON | $30.00 |
| BEVERLY PERKINS | $30.00 |
| MARYJANE PERRY | $30.00 |
| RICKY PETERSON | $30.00 |
| BRANDILLA PROSS | $30.00 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

WETHERALL GROUP, LTD.
9345 W. SUNSET ROAD, SUITE 100
LAS VEGAS, NEVADA 89148
(702) 838-8500 • FAX (702) 837-5081

WETHERALL GROUP, LTD.
9345 W. SUNSET ROAD, SUITE 100
LAS VEGAS, NEVADA 89148
(702) 838-8500 • FAX (702) 837-5081

| | |
|---|---|
| DALLAS PYMM | $30.00 |
| LEEANN PINSON | $30.00 |
| SHIRLEY PYRTLE | $30.00 |
| EVONNE QUAST | $30.00 |
| RONALD QUAST | $30.00 |
| LEANNE ROBIE | $30.00 |
| ELEANOR ROWE | $30.00 |
| RONALD ROWE | $30.00 |
| DELORES RUSS | $30.00 |
| MASSIMINO RUSSELLO | $30.00 |
| GEOLENE SCHALLER | $30.00 |
| JAN MICHAEL SHULTZ | $30.00 |
| FRANCINE SIEGEL | $30.00 |
| MARLENE SIEMS | $30.00 |
| RATANAKORN SKELTON | $30.00 |
| WALLACE STEVENSON | $30.00 |
| ROBERT STEWART | $30.00 |
| RORY SUNDSTROM | $30.00 |
| CAROL SWAN | $30.00 |
| SONY SYAMALA | $30.00 |
| RICHARD TAFAYA | $30.00 |
| JACQUELINE BEATTIE | $30.00 |
| PRENTICE BESORE | $30.00 |
| IRENE BILSKI | $30.00 |
| VIOLA BROTTLUND-WAGNER | $30.00 |
| PATRICK CHRISTOPHER | $30.00 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| | |
|---|---|
| PAUL DENORIO | $30.00 |
| DAVID DONNER | $30.00 |
| TIMOTHY DYER | $30.00 |
| DEMECIO GIRON | $30.00 |
| CAROL HIEL | $30.00 |
| CAROLYN LAMYER | $30.00 |
| REBECCA LERMA | $30.00 |
| JULIE KALSNES f/k/a OLSON | $30.00 |
| FANNY POOR | $30.00 |
| FRANCO PROVINCIALI | $30.00 |
| JOELLEN SHELTON | $30.00 |
| FRANK STEIN | $30.00 |
| JANET STEIN | $30.00 |
| LOIS THOMPSON | $30.00 |
| FRANK TORRES | $30.00 |
| FRANK BEALL | $30.00 |
| PETER BILLITTERI | $30.00 |
| IRENE CAL | $30.00 |
| CINDY COOK | $30.00 |
| EVELYN EALY | $30.00 |
| KRISTEN FOSTER | $30.00 |
| PHILLIP GARCIA | $30.00 |
| JUNE JOHNSON | $30.00 |
| LARRY JOHNSON | $30.00 |
| WILLIAM KEPNER | $30.00 |
| PEGGY LEGG | $30.00 |

WETHERALL GROUP, LTD.
9345 W. SUNSET ROAD, SUITE 100
LAS VEGAS, NEVADA 89148
(702) 838-8500 • FAX (702) 837-5081

| | |
|---|---|
| JOSE LOZANO | $30.00 |
| JOSEPHINE LOZANO | $30.00 |
| DEBORAH MADISON | $30.00 |
| MICHAEL MALONE | $30.00 |
| ANN MARIE MORALES | $30.00 |
| GINA RUSSO | $30.00 |
| COLLEEN TRANQUILL | $30.00 |
| LORAINE TURRELL | $30.00 |
| GRAHAM TYE | $30.00 |
| SCOTT VANDERMOLIN | $30.00 |
| LOUISE VERDEL | $30.00 |
| J.HOLLAND WALLIS | $30.00 |
| ANGELA HAMLER f/k/a WASHINGTON | $30.00 |
| SHARON WILKINS | $30.00 |
| MARK WILLIAMSON | $30.00 |
| STEVE WILLIS | $30.00 |
| BENYAM YOHANNES | $30.00 |
| MICHAL ZOOKIN | $30.00 |
| LIDIA ALDANAY | $30.00 |
| MARIDEE ALEXANDER | $30.00 |
| ELSIE AYERS | $30.00 |
| JACK AYERS | $30.00 |
| CATHERINE BARBER | $30.00 |
| LEVELYN BARBER | $30.00 |
| MATTHEW BEAUCHAMP | $30.00 |
| SEDRA BECKMAN | $30.00 |

| THOMAS BEEM | $30.00 |
| EMMA RUTH BELL | $30.00 |
| NATHANIA BELL | $30.00 |
| PAMELA BERTRAND | $30.00 |
| VICKI BEVERLY | $30.00 |
| FRED BLACKINGTON | $30.00 |
| BARBARA BLAIR | $30.00 |
| MICHELLE BOYCE | $30.00 |
| NORANNE BRUMAGEN | $30.00 |
| HOWARD BUGHER | $30.00 |
| ROBERT BUSTER | $30.00 |
| WINIFRED CARTER | $30.00 |
| CODELL CHAVIS | $30.00 |
| BONNIE CLARK | $30.00 |
| KIP COOPER | $30.00 |
| MICHEL COOPER | $30.00 |
| CHRISTA COYNE | $30.00 |
| NIKKI DAWSON | $30.00 |
| LOU DECKER | $30.00 |
| PETER DEMPSEY | $30.00 |
| MARIA DOMINGUEZ | $30.00 |
| CAROLYN DONAHUE | $30.00 |
| LAWRENCE DONAHUE | $30.00 |
| CONRAD DUPONT | $30.00 |
| DEBORAH ESTEEN | $30.00 |
| LUPE EVANGELIST | $30.00 |

WETHERALL GROUP, LTD.
9345 W. SUNSET ROAD, SUITE 100
LAS VEGAS, NEVADA 89148
(702) 838-8500 • FAX (702) 837-5081

| KAREN FANELLI | $30.00 |
| LAFONDA FLORES | $30.00 |
| MADELINE FOSTER | $30.00 |
| ELOISE FREEMAN | $30.00 |
| ELLAMAE GAINES | $30.00 |
| LEAH GIRMA | $30.00 |
| ANTONIO GONZALES | $30.00 |
| FRANCISCO GONZALES | $30.00 |
| RICHARD GREEN | $30.00 |
| ISABEL GRIJALVA | $30.00 |
| JAMES HAMILTON | $30.00 |
| BRENDA HARMAN | $30.00 |
| DONALD HARMAN | $30.00 |
| SUSAN HENNING | $30.00 |
| JOSE HERNANDEZ | $30.00 |
| MARIE HOEG | $30.00 |
| JAMES H.  MCAVOY | $30.00 |
| MARGUARITE M. MCAVOY | $30.00 |
| WILLIAM DEHAVEN | $30.00 |
| VELOY E. BURTON | $30.00 |
| SHIRLEY   CARR | $30.00 |
| MARY DOMINGUEZ | $30.00 |
| CAMILLE  HOWEY | $30.00 |
| LAVADA SHIPERS | $30.00 |
| JANNIE SMITH | $30.00 |
| MILDRED J. TWEEDY | $30.00 |

WETHERALL GROUP, LTD.
9345 W. SUNSET ROAD, SUITE 100
LAS VEGAS, NEVADA 89148
(702) 838-8500 • FAX (702) 837-5081

WETHERALL GROUP, LTD.
9345 W. SUNSET ROAD, SUITE 100
LAS VEGAS, NEVADA 89148
(702) 838-8500 • FAX (702) 837-5081

| | |
|---|---|
| SALVATORE J. SBERNA | $30.00 |
| JOSEPH LEWANDOWSKI | $30.00 |
| CAROLE LEE PERRELLI | $30.00 |
| JOSEPH PERRELLI | $30.00 |
| MURIEL CAROL HINMAN | $30.00 |
| KENNETH D.  HINMAN | $30.00 |
| JANICE WELSH | $30.00 |
| LOIS THOMPSON | $30.00 |
| LOLA HALL | $30.00 |
| JAMES ("DICK") GUM | $30.00 |
| AUDREY GUM | $30.00 |
| PATRICK SNYDER | $30.00 |
| NANCY TITMUSS | $30.00 |
| MICHAEL TITMUSS | $30.00 |
| PHYLLIS J. BODELL | $30.00 |
| HELEN HACKETT | $30.00 |
| MARTHA TURNER | $30.00 |
| ROBERT RUGG | $30.00 |
| KATHERINE HOLZHAUER | $30.00 |
| ALICIA HOSKINSON | $30.00 |
| GREG HOUCK | $30.00 |
| DIONNE JENKINS | $30.00 |
| JOHN JULIAN | $30.00 |
| WILLIAM KADER | $30.00 |
| MARY ELLEN KAISER | $30.00 |
| VASILIKI KALKANTZAKOS | $30.00 |

| | |
|---|---|
| WILLIAM KEELER | $30.00 |
| ROBERT KELLAR | $30.00 |
| SHIRLEY KELLAR | $30.00 |
| MELANIE KEPPEL | $30.00 |
| ANITA KINCHEN | $30.00 |
| PETER KLAS | $30.00 |
| LINDA KOBIGE | $30.00 |
| LINDA KORSCHINOWSKI | $30.00 |
| DURANGO LANE | $30.00 |
| JUNE LANGER | $30.00 |
| NANCY LAPA | $30.00 |
| EDWARD LEVINE | $30.00 |
| MERSEY LINDSEY | $30.00 |
| ZOLMAN LITTLE | $30.00 |
| STEVE LYONS | $30.00 |
| MARSENE MAKSYMOWSKI | $30.00 |
| PAT MARINO | $30.00 |
| BILLIE MATHEWS | $30.00 |
| KRISTINE MAYEDA | $30.00 |
| CARMEN MCCALL | $30.00 |
| MICHAEL MCCOY | $30.00 |
| ANNETTE MEDLAND | $30.00 |
| JOSPEHINE MOLINA | $30.00 |
| LEN MONACO | $30.00 |
| RACHEL MONTOYA | $30.00 |
| THEODORE MORRISON | $30.00 |

10

WETHERALL GROUP, LTD.
9345 W. SUNSET ROAD, SUITE 100
LAS VEGAS, NEVADA 89148
(702) 838-8500 • FAX (702) 837-5081

| | |
|---|---|
| XUAN MAI NGO | $30.00 |
| JACQUELINE NOVAK | $30.00 |
| FAITH O'BRIEN | $30.00 |
| DENISE ORR | $30.00 |
| JAVIER PACHECO | $30.00 |
| ELI PINSONAULT | $30.00 |
| FLORENCE PINSONAULT | $30.00 |
| STEVE POKRES | $30.00 |
| TIMOTHY PRICE | $30.00 |
| STEVEN RAUSCH | $30.00 |
| CLIFTON ROLLINS | $30.00 |
| JOHN ROMERO | $30.00 |
| JEAN ROSE | $30.00 |
| RONALD RUTHER | $30.00 |
| JUAN SALAZAR | $30.00 |
| PRISCILLA SALDANA | $30.00 |
| BUDDIE SALSBURY | $30.00 |
| BERNICE SANDERS | $30.00 |
| DANNY SCALICE | $30.00 |
| CARL SMITH | $30.00 |
| VICKIE SMITH | $30.00 |
| WILLIAM SNEDEKER | $30.00 |
| EDWARD SOLIS | $30.00 |
| MARY SOLIZ | $30.00 |
| ROGER SOWINSKI | $30.00 |
| CYNTHIA SPENCER | $30.00 |

| | |
|---|---|
| STEPHEN STAGG | $30.00 |
| TROY STATEN | $30.00 |
| LINDA STEINER | $30.00 |
| GWEN STONE | $30.00 |
| PHAEDRA SUNDAY | $30.00 |
| EDWARD SUTER | $30.00 |
| CLARENCE TAYLOR | $30.00 |
| CATHERINE THOMPSON | $30.00 |
| MARGRETT THOMPSON | $30.00 |
| VERNON THOMPSON | $30.00 |
| DAVID TOMLIN | $30.00 |
| VON TRIMBLE | $30.00 |
| CHUONG VAN TRONG | $30.00 |
| JOHN VICCIA | $30.00 |
| STEVEN VIG | $30.00 |
| JANET VOPINEK | $30.00 |
| KATHY WALENT | $30.00 |
| LINDA WALKER | $30.00 |
| SHIRLEY WASHINGTON | $30.00 |
| MARY WENTWORTH | $30.00 |
| BETTY WERNER | $30.00 |
| SALLY WEST | $30.00 |
| DEE LOUISE WHITNEY | $30.00 |
| SHIRLEY WOODS | $30.00 |
| TONY YUTYATAT | $30.00 |
| CATALINA ZAFRA | $30.00 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

WETHERALL GROUP, LTD.
9345 W. SUNSET ROAD, SUITE 100
LAS VEGAS, NEVADA 89148
(702) 838-8500 • FAX (702) 837-5081

| | |
|---|---|
| METRO ZAMITO | $30.00 |
| CHRISTINA ZEPEDA | $30.00 |
| ANDREW ZIELINSKI | $30.00 |
| CAROLYN ARMSTRONG | $30.00 |
| BETTY BRADLEY | $30.00 |
| CHARLEEN DAVIS-SHAW | $30.00 |
| REBECCA DAY | $30.00 |
| DION DRAUGH | $30.00 |
| VINCENZO ESPOSITO | $30.00 |
| **TOTAL REMITTED (REQUIRED)** | $9,300.00 |

DATED this 1st day of October, 2018.

WETHERALL GROUP, LTD.

by _Pet C. Wet_____

Peter C. Wetherall, Esq.
NV Bar No. 4414
Attorneys for Plaintiff

WETHERALL GROUP, LTD.
9345 W. SUNSET ROAD, SUITE 100
LAS VEGAS, NEVADA 89148
(702) 838-8500 • FAX (702) 837-5081

13

# EXHIBIT "C"

EXHIBIT "C"

Skip to Main Content  Logout  My Account  Search Menu  New District Civil/Criminal Search  Refine Search  Back    Location : District Court Civil/Criminal    Help

# REGISTER OF ACTIONS
## CASE NO. A-18-782023-C

| | |
|---|---|
| **Maureen Bridges, Plaintiff(s) vs.Teva Parenteral Medicines, Inc., Defendant(s)** | § § § § § § § |

Case Type: **Product Liability**
Date Filed: **10/01/2018**
Location: **Department 24**
Cross-Reference Case Number: **A782023**

---

### RELATED CASE INFORMATION

**Related Cases**
   A-18-782023-C-P1 (Large Case - Subcase)
   A-18-782023-C-P2 (Large Case - Subcase)

---

### PARTY INFORMATION

| | | **Lead Attorneys** |
|---|---|---|
| **Defendant** | **Baxter Healthcare Corporation** | |
| **Defendant** | **McKesson Medical-Surgical Inc** | |
| **Defendant** | **Sicor Inc** | |
| **Defendant** | **Teva Parenteral Medicines, Inc.** *Formerly Known As* Sicor Pharmaceuticals Inc | |
| **Plaintiff** | **All Plaintiffs A782023  Aldanay, Lidia  Alexander, Maridee  Armstrong, Carolyn  Ayers, Elsie  Ayers, Jack  Barahona, Angel  Barber, Catherine  Barber, Levelyn  Beall, Frank  Beattie, Jacqueline  Beauchamp, Matthew  Beckman, Sedra  Beem, Thomas  Bell, Emma Ruth  Bell, Nathania  Bertrand, Pamela  Besore, Prentice  Beverly, Vicki  Billitteri, Peter  Bilski, Irene  Blackington, Fred  Blair, Barbara  Bodell, Phyllis J.  Boyce, Michelle  Bradley, Betty  Bridges, Maureen  Brottlund-Wagner, Viola  Brumagen, Noranne  Bugher, Howard  Burton, Veloy E.  Buster, Robert  Cal, Irene  Carr, Shirley  Carter, Winifred  Cattledge, Mary  Chavis, Codell  Christopher, Patrick  Clark, Bonnie  Cook, Cindy  Cooper, Kip  Cooper, Michel  Corpuz, Franklin  Coyne, Christa  Davis-Shaw, Charleen  Dawson, Nikki  Day, Rebecca  Decker, Lou  DeHaven, William  Dempsey, Peter  Denorio, Paul  Dominguez, Maria  Dominguez, Mary  Donahue, Carolyn  Donahue, Lawrence  Donner, David  Draugh, Dion  Dupont, Conrad  Dyer, Timothy  Ealy, Evelyn  Eddowes, Barbara  Einhorn, Arthur  Einhorn, Carol  Esposito, Vincenzo  Esteen, Deborah  Evangelist, Lupe  Fanelli, Karen  Fernandez-Ventura, Marta  Finney, Woodrow  Flores, LaFonda  Foster, Kristen  Foster, Madeline  Fraley, William  Francis, Richard  Freeman, Eloise  Frenken, Joan  Fuentes, Emma  Gaines, Ellamae  Garcia, Phillip  Gerences, Judith  Gillespie, Annie  Girma, Leah  Giron, Demecio  Gonzales, Antonio  Gonzales, Francisco  Green, Richard  Griem-Rodriguez, Cynthia  Grijalva, Isabel  Gum, Audrey  Gum, James ("Dick")  Hackett, Helen  Hall, Debbie  Hall, Lloyd  Hall, Lola  Hall, Shanera  Hall, Virginia  Hamilton, James  Hamler, Angela  Harman, Brenda  Harman, Donald  Hayes,** | **Peter C Wetherall** *Retained* 702-838-8500(W) |

Anne Henning, Susan Hernandez,
Homero Hernandez, Jose Hetherington,
Georgina Hiel, Carol Hinchliff,
Sophie Hinman, Kenneth D. Hinman, Muriel
Carol Hoeg, Marie Hoffman,
Janice Holzhauer, Katherine Hoskinson,
Alicia Houck, Greg Howey,
Camille Jenkins, Dionne Johnson,
George Johnson, June Johnson,
Larry Johnson, Linda Johnson,
Sheron Johnson, Steve Julian,
John Kader, William Kaiser, Mary
Ellen Kalkantzakos, Vasiliki Kalsnes,
Julie Keeler, William Keenan,
Sean Keeney, Karen Kellar, Robert Kellar,
Shirley Kepner, William Keppel,
Melanie Kinchen, Anita Kircher,
Diane Kircher, Orville Klas, Peter Kline,
Stephanie Kobige, Linda Kollender,
Maria Korschinowski, Linda Kunkle,
Kimberly Lamyer, Carolyn Lane,
Durango Langer, June Lapa, Nancy Legg,
Peggy Lerma, Rebecca Levine,
Edward Lewandowski, Joseph Lewis-
Glynn, Patricia Lindsey, Mersey Liss,
Maria Little, Zolman Long, Bette Longly,
Peter Lousignont, Diana Lozano,
Jose Lozano, Josephine Lyons,
Steve Madison, Deborah Magee,
David Maksymowski, Marsene Malone,
Michael Mantua, Francisco Marino,
Pat Martin, Dana Martinez, Maria Mathews,
Billie Mauizio, John Mayeda,
Kristine McAvoy, James H. McAvoy,
Marguarite M. McCall, Carmen McClain,
Anga McCoy, Michael McGiffin,
Barry Medland, Annette Miller,
Marian Molina, Josephine Monaco,
Len Montoya, Rachel Moraga,
Hiep Morales, Ann Marie Moreno,
Sondra Morrison, Theodore Ngo, Xuan
Mai Nix, Jimmy Norman, Nancy Novak,
Jacqueline O'Brien, Faith Olson,
Georgia Olson, Mark Orr, Denise Pacheco,
Javier Perkins, Beverly Perrelli, Carole
Lee Perrelli, Joseph Perry,
Maryjane Peterson, Ricky Pinson,
Leeann Pinsonault, Eli Pinsonault,
Florence Pokres, Steve Poor, Fanny Price,
Timothy Pross, Brandilla Provinciali,
Franco Pymm, Dallas Pyrtle, Shirley Quast,
Evonne Quast, Ronald Rausch,
Steven Robie, Leanne Rollins,
Clifton Romero, John Rose, Jean Rowe,
Eleanor Rowe, Ronald Rugg, Robert Russ,
Delores Russello, Massimino Russo,
Gina Ruther, Ronald Salazar,
Juan Saldana, Priscilla Salsbury,
Buddie Sanders, Bernice Sberna, Salvatore
J. Scalice, Danny Schaller,
Geolene Shelton, Joellen Shipers,
Lavada Shultz, Jan Michael Siegel,
Francine Siems, Marlene Skelton,
Ratanakorn Smith, Carl Smith,
Jannie Smith, Vickie Snedeker,
William Snyder, Patrick Solis,
Edward Soliz, Mary Sowinski,
Roger Spencer, Cynthia Stagg,
Stephen Staten, Troy Stein, Frank Stein,
Janet Steiner, Linda Stevenson,
Wallace Stewart, Robert Stone,
Gwen Sunday, Phaedra Sundstrom,
Rory Suter, Edward Swan, Carol Syamala,
Sony Tafaya, Richard Taylor,
Clarence Thompson, Catherine Thompson,
Lois Thompson, Margrett Thompson,
Vernon Titmuss, Michael Titmuss,
Nancy Tomlin, David Torres,
Frank Tranquill, Colleen Trimble,
Von Trong, Chuong Van Turner,
Martha Turrell, Loraine Tweedy, Mildred
J. Tye, Graham Vandermolin, Scott Verdel,
Louise Viccia, John Vig, Steven Vopinek,
Janet Walent, Kathy Walker, Linda Wallis,

**J.Holland Washington, Shirley Welsh,
Janice Wentworth, Mary Werner,
Betty West, Sally Whitney, Dee
Louise Wilkins, Sharon Williamson,
Mark Willis, Steve Woods,
Shirley Yohannes, Benyam Yutyatat,
Tony Zafra, Catalina Zamito, Metro Zepeda,
Christina Zielinski, Andrew Zookin, Michal**

| EVENTS & ORDERS OF THE COURT |
|---|

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 10/01/2018 | **Complaint** |
| | *Complaint* |
| 10/01/2018 | **Initial Appearance Fee Disclosure** |
| | *Initial Appearance Fee Disclosure* |
| 11/15/2018 | **Summons Electronically Issued - Service Pending** |
| | *Summons - Civil* |
| 11/15/2018 | **Summons Electronically Issued - Service Pending** |
| | *Summons - Civil* |
| 11/15/2018 | **Summons Electronically Issued - Service Pending** |
| | *Summons - Civil* |
| 11/15/2018 | **Summons Electronically Issued - Service Pending** |
| | *Summons - Civil* |

| FINANCIAL INFORMATION |
|---|

| | | | |
|---|---|---|---|
| | **Plaintiff** All Plaintiffs A782023 | | |
| | Total Financial Assessment | | 9,300.00 |
| | Total Payments and Credits | | 9,300.00 |
| | **Balance Due as of 12/10/2018** | | **0.00** |
| 10/03/2018 | Transaction Assessment | | 9,300.00 |
| 10/03/2018 | Efile Payment | Receipt # 2018-66104-CCCLK | Bridges, Maureen | (9,300.00) |