UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MAUREEN BRIDGES, *et al.*,<br><br>        Plaintiffs,<br><br>    v.<br><br>TEVA PARENTERAL MEDICINES, INC. , *et al*.,<br><br>        Defendants. | Case No. 2:18-cv-02310-JCM-VCF<br><br>ORDER |

Presently before the court is individual plaintiffs' motion to remand. (ECF No. 9). Defendants Baxter Healthcare Corporation; McKesson Medical-Surgical Inc.; Sicor, Inc.; and Teva Parenteral Medicines, Inc. (collectively "defendants") responded (ECF No. 11), to which plaintiffs replied (ECF No. 12).

Also before the court is defendants' motion for leave to file surreply. (ECF No. 14).

**I.    Facts**

The plaintiffs in this action are individuals that received medical care at the Endoscopy Center ("clinic") located at 700 Shadow Land, Clark County, Nevada. (ECF No. 1). Defendants supplied the clinic with medical products that the clinic would use in providing various anesthesia services. *Id*. The clinic improperly administered defendants' medical products by re-using injection syringes and anesthesia bottles, which created a foreseeable risk of infection or cross-contamination. *Id*.

On or about February 28, 2008, the Southern Nevada Health District sent plaintiffs and approximately 60,000 others a letter informing them that the clinic placed them at a risk of possible exposure to bloodborne pathogens. *Id*. The Health District recommended that

plaintiffs' get tested for hepatitis C, hepatitis B, and HIV. *Id*. Plaintiffs followed the Health District's recommendation and eventually discovered that they did not contract any of the aforementioned diseases. *Id*.

Plaintiffs believe that defendants' improper packaging of their medical products caused the clinic to improperly re-use syringes and bottles. *Id*. On April 11, 2016, plaintiffs offered to settle their claims in exchange for $4,252,500, which amounts to $2,500 per plaintiff. (ECF No. 9). Defendants rejected plaintiffs' offer. *Id*.

On October 1, 2018, plaintiffs initiated this action in state court, asserting four causes of action: (1) strict product liability; (2) breach of the implied warranty of fitness for a particular purpose; (3) negligence; and (4) violation of the Nevada Deceptive Trade Practices Act. (ECF No. 1).

On December 10, 2018, defendants removed this action to federal court. *Id*. The court now determines whether it has subject matter jurisdiction.

**II.    Legal Standard**

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989).

Upon notice of removability, a defendant has thirty days to remove a case to federal court once he knows or should have known that the case was removable. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1250 (9th Cir. 2006) (citing 28 U.S.C. § 1446(b)(2)). Defendants are not charged with notice of removability "until they've received a paper that gives them enough information to remove." *Id.* at 1251.

Specifically, "the 'thirty-day time period [for removal] . . . starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face' the facts necessary for federal court jurisdiction." *Id.* at 1250 (quoting *Harris v. Bankers Life & Casualty*

*Co.*, 425 F.3d 689, 690–91 (9th Cir. 2005) (alterations in original)). "Otherwise, the thirty-day clock doesn't begin ticking until a defendant receives 'a copy of an amended pleading, motion, order or other paper' from which it can determine that the case is removable. *Id*. (quoting 28 U.S.C. § 1446(b)(3)).

A plaintiff may challenge removal by timely filing a motion to remand. 28 U.S.C. § 1447(c). On a motion to remand, the removing defendant faces a strong presumption against removal, and bears the burden of establishing that removal is proper. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir. 1996); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992).

### III. Discussion

As a preliminary matter, the court notes that plaintiffs have filed a surreply in opposition to defendants' motion to remand (ECF No. 13) and defendants now move for leave to file their own surreply (ECF No. 14). Because the filings pertain to legal authority that is not binding on this court and "motions for leave to file a surreply are discouraged[,]" the court will strike plaintiffs surreply (ECF No. 13) and deny defendants' motion (ECF No. 14). LR 7-2(b).

Plaintiffs move to remand, arguing that the court does not have diversity jurisdiction. (ECF No. 9). Defendants' contend that the court has both diversity and federal question jurisdiction. (ECF No. 11). The court will address both of defendants' purported grounds for subject matter jurisdiction in turn.

*a. Diversity jurisdiction*

28 U.S.C. § 1332 allows federal courts to exercise diversity jurisdiction in civil actions between citizens of different states where the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). "In determining the amount in controversy, courts first look to the complaint. Generally, 'the sum claimed by the plaintiff controls if the claim is apparently made in good faith.'" *Ibarra v. Manheim Invests., Inc*. 775 F.3d 1193, 1197 (9th Cir. 2015) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). At the time of removal, parties may submit supplemental evidence to show that the amount in controversy is in excess of $75,000. *Id*. (citing *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

Plaintiffs allege in the complaint that their claims are each valued in excess of $15,000 in general damages. (ECF No. 1). This figure is well below the amount in controversy threshold under § 1332(a) and defendants have not submitted any evidence showing that a greater amount is in dispute.

Nevertheless, defendants contend that the amount in controversy is in excess of $75,000 because plaintiffs also seek attorney's fees and punitive damages. (ECF No. 11). The court now must determine whether defendants have proven by a preponderance of the evidence that punitive damages and attorney's fees, coupled with general damages, will exceed the jurisdiction minimum. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

> *i. Punitive damages*

Courts consider punitive damages in determining the amount in controversy when a plaintiff can recover punitive damages as a matter of law. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001). Under Nevada law, a plaintiff can recover punitive damages only by proving with clear and convincing evidence that the defendant is guilty of oppression, fraud, or malice. Nev. Rev. Stat. 42.005(1). In light of NRS 42.005, the court will consider punitive damages for jurisdictional purposes.

Courts generally look to jury awards in analogous cases in determining how to consider punitive damages towards satisfying the jurisdictional minimum. *See Campbell v. Hartford Life Ins. Co.*, 825 F. Supp. 2d 1005, 1008 (E.D. Cal. 2011). Here, defendants have not provided any factual support, other than citing statutes, pertaining to the probable amount of punitive damages. Therefore, defendants have not shown by a "preponderance of the evidence" that punitive damages increase the amount in controversy. *See Sanchez*, 102 F.3d at 404.

> *ii. Attorney's fees*

Courts consider attorney's fees in determining the amount in controversy if a plaintiff can recover such fees pursuant to a contract or statute. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). Nevada law allows courts to award attorney's fees when (1) the prevailing party has not recovered more than $20,000 or (2) when the opposing party's defense was "brought or maintained without reasonable grounds or to harass the prevailing party." Nev. Rev.

4

Stat. 18.010(2). Because each plaintiff appears to seek less than $20,000 in damages, the court will consider attorney's fees in determining the amount in controversy.

Defendants' argue that attorney's fees will spike the cost of this action because this case involves hundreds of plaintiffs. (ECF No. 11). The complex nature of this lawsuit compels the court to conclude that plaintiffs will incur significant attorney's fees. However, defendants' once again have not provided evidence showing the extent that attorney's fees increase the amount in controversy. Indeed, the court does not find that attorney's fees would quadruple or quintuple the ultimate award.

In sum, defendants have not shown by a preponderance of the evidence an amount in controversy in excess of $75,000. Accordingly, the court cannot exercise subject matter jurisdiction under § 1332(a).

b. *Federal question jurisdiction*

The "well-pleaded complaint rule" governs federal question jurisdiction. This rule provides that district courts can exercise jurisdiction under 28 U.S.C. § 1331 only when a federal question appears on the face of a well-pleaded complaint. *See, e.g.*, *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Thus, a plaintiff "may avoid federal jurisdiction by exclusive reliance on state law." *Id*. Moreover, "an anticipated or actual federal defense generally does not qualify a case for removal[.]" *Jefferson County v. Acker*, 527 U.S. 423, 431 (1999).

The well-pleaded complaint rule does not require a plaintiff to assert a federal cause of action. District court also have jurisdiction over state law claims that raise "some substantial, disputed question of federal law[.]" *Indep. Living Ctr. of Southern California, Inc. v. Kent*, 909 F.3d 272, 279 (9th Cir. 2018). Indeed, federal question jurisdiction exists when a federal issue is "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disturbing the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013).

Defendants argue that plaintiffs' state tort claims, which allege that defendants improperly packaged medical products, raise a substantial issue of federal law because the Federal Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. § 301 *et seq.*, governs the

packaging of medical products. (ECF No. 11). The court disagrees.

In *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, the Supreme Court held that state law claims which allege violations of the FDCA do not raise a substantial federal question because Congress did not intend to create a private right of action for violation of the FDCA. *Wander v. Kaus*, 304 F.3d 856, 859 (9th Cir. 2002) (citing *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986)). As the circumstances of this case fall well within *Merrell Dow*, the court concludes that plaintiffs' complaint does not raise a substantial federal question.

The court notes that defendants' arguments are unclear, incoherent, and at times confused. Some paragraphs from defendants' brief appear to assert that the court has jurisdiction because the FDCA preempts plaintiffs' state law claims. To ensure complete adjudication of all pertinent issues that the parties raise, the court will consider this argument.

The "complete preemption doctrine" allows district courts to exercise federal question jurisdiction over state law claims when a federal statute completely preempts the relevant state law. *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1107 (9th Cir. 2000) (citation omitted). Courts consider the factual allegations in the complaint and the petition of removal to determine whether federal law completely preempts a state law claim. *Schroeder v. Trans World Airlines, Inc.*, 702 F.2d 189, 191 (9th Cir. 1983).

It is well established that the FDCA does not completely preempt state law. *See Oregon ex rel. Kroger v. Johnson & Johnson*, 832 F. Supp. 2d 1250, 1259–60 (D. Or. 2011); *see also Perez v. Nidek Co. Ltd.*, 657 F. Supp. 2d 1156, 1161 (S.D. Cal. 2009); *see also Alaska v. Eli Lilly & Co.*, No. 3:06-cv-88 TMB, 2006 WL 2168831 at *3–4 (D. Ala July 28, 2006). Therefore, the court does not have federal question jurisdiction under the complete preemption doctrine.

**IV.     Conclusion**

The court does not have subject matter jurisdiction because the amount in controversy is not in excess of $75,000, plaintiffs' complaint does not raise a substantial federal question, and the FDCA does not completely preempt plaintiffs' state law claims.

/ / /

/ / /

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiffs' motion to remand (ECF No. 9) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendants' motion for leave to file surreply (ECF No. 14) be, and the same hereby is, DENIED, consistent with the foregoing.

IT IS FURTHER ORDERED that defendants' motion to dismiss (ECF No. 3) be, and the same hereby is, DENIED without prejudice.

IT IS FURTHER ORDERED that the matter of *Bridges et al. v. Teva Parenteral Medicines, Inc. et al.*, case number 2:18-cv-02310-JCM-VCF, be, and the same hereby is, REMANDED.

The clerk shall strike plaintiffs' surreply (ECF No. 13) and close the case accordingly.

DATED THIS 12th day of April 2019.

JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE